# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00326-CR

**James David Ferrow Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 62436, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted James David Ferrow, Jr., of the offense of burglary of a habitation with intent to commit assault. *See* Tex. Penal Code Ann. § 30.02(a)(1) (West 2003). Punishment was assessed at 35 years' imprisonment. In a single issue on appeal, Ferrow argues that the written judgment of conviction contains a clerical error regarding his credit for jail time served. The State concedes error. We will modify the judgment to reflect the correct amount of credit for Ferrow's jail time served and, as modified, affirm the judgment.

Before Ferrow was sentenced, he filed a written request for jail time credit. The request specified that Ferrow had served 335 days in the Bell County jail, from May 25, 2007, through April 23, 2008. Accordingly, Ferrow requested credit for 335 days served. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1) (West Supp. 2008) ("In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for

the time that the defendant has spent in jail for the case, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court."). The request contained the following language:

> After due consideration thereof, said request is hereby (GRANTED) (DENIED), and defendant is to be given ____ days credit for jail time served in connection with this cause.

The district court circled "granted" and, in the space provided, wrote "335."

At Ferrow's sentencing hearing, the district court made the following pronouncement:

> The Court sentences you in accordance with the jury's verdict to 35 years' in the Texas Department of Criminal Justice, Institutional Division with your jail credits which appear to be a total of 335 days.

Additionally, the district court noted in its docket sheet that Ferrow was to receive "335 days credit." However, the written judgment of conviction specified that Ferrow was credited with serving jail time from "5/27/2007 to 4/23/2008." That amounts to 333 days.

A defendant's sentence must be pronounced orally in his presence. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement. *Id*. When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Id*.

Here, there is a conflict between the district court's oral pronouncement that Ferrow receive 335 days of jail time credit, and the written judgment providing that Ferrow receive 333 days

2

of jail time credit. "The solution in those cases in which the oral pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).

We sustain Ferrow's sole issue on appeal. We modify the judgment to reflect that Ferrow was credited with serving time from "5/25/2007 to 4/23/2008." As modified, the judgment of conviction is affirmed. *See* Tex. R. App. P. 42.3(b).

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Modified and, as Modified, Affirmed

Filed:   December 31, 2008

Do Not Publish